# W. L. BUTTS, Appellant, v. M. F. SWAN et al., Respondents.*

### In the Springfield Court of Appeals, January 26, 1925.

1. **Subrogation: Mortgages: Rights of Person Paying Mortgage to Protect Interest.** Any person having an interest in mortgaged property which he is obliged to protect by paying the mortgage, will, if not primarily liable, be entitled, by paying off the mortgage, to an assignment of the mortgage, or to be subrogated to the rights of the mortgagee; and this rule applies to one who advances to the mortgagor the money necessary to pay the mortgage debt under an agreement that he shall have the benefit of the mortgage security for his own reimbursement.

2. ———: ———: ———: Where plaintiff, to whom mortgaged property had been conveyed to secure services, etc., rendered to one of two mortgagors, and pursuant to agreement with said mortgagor to

furnish money to take up mortgage, obligated himself to pay off the mortgage, and offered to do so on assignment to him of note and deed of trust securing it, *held*, that he was entitled, on making such payment, to be subbrogated to the rights of the mortgagee as to such note and deed of trust, and to have such note and deed of trust assigned to him, and that mortgagee was not entitled to refuse to assign said note and deed of trust without marking them paid and cancelled.

ON MOTION TO MODIFY.

3.  **Mortgages and Deeds of Trust: Redemption: Subrogation: Transferee Held Liable for Interest to Date of Payment.** Where transferee of mortgagors had tendered to mortgagee amount due on note, which was not accepted, then instituted suit to redeem and be subrogated to rights of mortgagee, but did not deposit amount due in court or elsewhere to benefit of mortgagee, and did not lose the use of the money he offered to pay, *held* upon decree permitting him to be subrogated, that he was liable for the mortgage debt together with accrued interest thereon up to the date of payment.

---

*Headnotes 1. Mortgages, 27 Cyc., pp. 1386, 1387; Subrogation, 37 Cyc. pp. 443, 472; 2. Mortgages, 27 Cyc., p. 1987; Subrogation, 37 Cyc., p. 472; 3. Mortgages, 27 Cyc., p. 1828.

Appeal from the Circuit Court of Jasper County.—*Hon. S. W. Bates,* Judge.

REVERSED AND REMANDED *(with directions)*.

*R. A. Pearson,* of Joplin, for appellant.

(1)   One having any interest in property, or having an agreement thereto with the owner, may redeem from a prior mortgage, and is entitled to the character and rights of an assignee thereof, and to stand in the shoes of such mortgagee, and have the note and mortgage delivered to him uncanceled.  27 Cyc. 1386; Jones on Mortgagees (7 Ed.), 1055 and 1087; Capner v. Garrison, 193 Mo. 342; Jacobs v. Webster, 205 S. W. 530; Allen v. Dermott, 80 Mo. 56; 11 C. J. 668, secs. 425, and 682, sec. 459; Speer v. Bank, 206 S. W. 405; Brewing Co. v. Trad-

ing Co., 148 N. Y. S. 119; Bernheimer v. Co., 86 N. Y. S. 717; Halpin v. Ins Co., 23 N. E. 485; Williams v. Hammer, 94 N. W. 176. (2) A note stipulating no place of payment contracts payment in the State where made and at the maker's residence. There can be no forfeiture until opportunity to pay at place of payment, and a foreclosure by a non-resident mortgagee without first affording such opportunity to the debtor and putting him in default, is subject to be invalidated. 3 C. J. 266; 8 C. J. 557; Jones, Mortgages (6 Ed.), sec. 897; Jones v. Perkins, 64 Am. Dec. 136; Tyler v. Ontz, 20 S. W. 256; Conklin v. Conklin, 54 Ind. 289; Thomas v. Heddon, 114 N. E. 218; Galloway v. Standard Ins. Co., 31 S. E. 969; Hale v. Patton, 60 N. Y. 233, 19 Am. Rep. 168; Gage v. McSweeny, 52 Atl. 969; Weyland v. Park Co., 95 N. E. 723; Bardley v. Mill Co., 103 Pac. 822. (3) A tender or prior demand is excused by absence of tenderee in another State, or when it would be useless, and is waived if conditioned unfairly by tenderee. Galloway v. Ins. Co., 31 S. E. 969; Gage v. McSweeney, 52 Atl. 969; 1 C. J. 980, sec. 80; Conklin v. Conklin, 54 Ind. 289; Taswell v. Handle Co., 147 Mo. App. 522; Kent v. Middleton, 75 Atl. 969-2; Lockhart v. McDougal, 212 Pac. 3 (2); Harper v. Rosenberg, 56 Mo. App. 388; Hurt v. Cook, 151 Mo. 430. (4) A tender is not prerequisite to an action to redeem. It is satisfied in equity by tender and readiness offered in the petition; and the offer to redeem made before sale under the mortgage, and continued, as by action brought, invalidates the sale under the mortgage. 27 Cyc. 1830; Jones Mortgages (5 Ed.), sec. 892; Johnson v. Smith, 67 So. 401; Clark v. Griffin, 20 N. E. 169; Kent v. Middleton, 75 Atl. 967; McGlothen v. Hennery, 44 Mo. 354; Hudson v. Gravel Co., 140 Mo. 114; Klinghoefer v. Smith, 171 Mo. 455; Potter v. Shaffer, 209 Mo. 597; Peak v. Peak, 228 Mo. 556; Kline v. Vogel, 90 Mo. 246; Dalphine v. Lune, 145 Mo. App. 549. (5) There can be no estoppel where no misleading, defrauding or over-reaching of or ignorance in the party assert-

ing the estoppel, nor especially where he himself is the mover of the occasion. Kemper v. Berkley, 79 Mo. 578; Reyburn v. Mitchell, 106 Mo. 379; Spence v. Renfrow, 179 Mo. 422; Thompson v. Lindsay, 242 Mo. 76; Wyatt v. Wilhite, 183 S. W. 1111; 21 C. J. 1156; and 1138, sec. 137. (6) Where the mortgagee imposes unwarranted and burdensome conditions on his acceptance of payment, equity will aid the redemptioner and enforce his right. Hopkins v. Ketterer, 85 Atl. 42; Kent v. Middleton, 75 Atl. 967; Whelan v. Ruby, 61 Mo. 565; Landis v. Sexton, 89 Mo. 586; State ex rel. v. Ross, 136 Mo. 273; Higbee v. Chadwick, 220 F. 873; Lemsford v. Davis, 254 S. W. 885.

*Owen & Davis*, of Joplin, for respondent.

(1) The petition does not state facts sufficient to entitle plaintiff to be subrogated to the rights of the mortgage under the mortgage, nor does the evidence establish any such right. Subrogation is a doctrine of equity jurisprudence and does not, under the pleadings and evidence in this case, rest upon contract. 37 Cyc. 366; 27 Am. & Eng. Ency. Law (2 Ed.), 203; Bispham's Prin. of Equity (7 Ed.), sec. 358; Prairie State Bank v. United States, 164 U. S. 231; Aetna Life Ins. Co. v. Middleport, 124 U. S. 534. It is a well-settled rule that ''before subrogation can be enforced the debt must be paid, and substitution cannot be made as long as the debt of the party whose rights are claimed to be used for the purpose of protecting the interest of the applicant for substitution remains unsatisfied,'' etc. 2 Jones on Mort. (7 Ed.), sec. 874; 37 Cyc. 374, 375; Prairie State Bank v. United States, 164 U. S. 231; Aetna Life Ins. Co. v. Middleport, 124 U. S. 534; Weir-Boogner etc. v. Kelley, 31 So. 868; Birke v. Abbott, 1 N. E. 485, 103 Ind. 1; Appeal of Forest Oil Co., 12 Atl. 442. It is not claimed that plaintiff is secondarily liable for the indebtedness secured by said mortgage, or that he has paid it in order to protect some

interest of his in the real estate covered by said mortgage. In fact the evidence shows that, as between him and Margaret Swan, he is primarily liable—having agreed with her, as a consideration for the conveyance to him of the real estate covered by said mortgage, to take up said mortgage, and protect her against a foreclosure thereof by defendant Swan. The original agreement for taking up this mortgage was made orally and appears to have been a second thought after foreclosure proceedings had been started by defendant Swan. The right of subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold against the principal debtor and by the use of which the party paying may be made whole. Sands' Adm'r v. Durham, 54 L. R. A. 614, 618, col. 2; Bispham, Eq., sec. 393; Fuller v. Davis Sons, 56 N. E. 791. (2) The petition does not state facts insufficient to entitle plaintiff to redeem, nor does the evidence establish any such right, in that it is not sought to compel defendant Swan, assignee of the mortgage, to accept the amount due and discharge the mortgage of record. A redemption at common law, after forfeiture, was the buying back of the land conveyed, by paying the amount due under the mortgage. Maxwell v. Foster, 45 S. E. 927; Miller v. Ratterman, 24 N. E. 496; Swearingen v. Roberts, 11 N. W. 325. A redemption, under the present day theory of mortgages, is the payment of the money due, with interest thereon, and the extinguishment of the obligation of the mortgage. 37 Cyc. 681. A bill to redeem is one to free the mortgagor's land from the incumbrance and to compel the mortgagee, or his assignee, as the case may be, to accept the amount due, if any, and discharge the mortgage of record. 3 Pomeroy's Eq. Juris. (3 Ed.), sec. 1219; Brown v. Gerhold, 70 N. E. 546; Connor v. Connor, 52 So. 727; Lumsden v. Manson, 52 Atl. 783; 2 Jones on Mortg. (7 Ed.), sec. 1051d. And where the equity is found, upon trial

had, to be with the plaintiff, the proper and usual form of the decree is that he be allowed to redeem upon the payment of the sum found to be due, and that upon such payment the mortgage shall be adjudged to be satisfied. 27 Cyc. 1859; Merriam v. Goss, 28 N. E. 449, 139 Mass. 77; Shouler v. Bonander, 45 N. W. 487, 80 Mich. 531; Reeder v. Tullinger, 24 Atl. 1104; 2 Jones on Mort. (7 Ed.), sec. 1106. (3) Neither a mortgagee, nor his endorsee, can be compelled to assign, upon receiving payment thereof; he can only be required to release or discharge it. 2 Jones on Mort. (7 Ed.), sec. 1086; Strasbaugh v. Dallam, 50 Atl. 417; Green v. Walker, 45 Atl. 742; McCulla v. Beadleston, 20 Atl. 11; Holland v. Bank, 19 Atl. 654; Chase v. Williams, 74 Mo. 429. A mortgagee, in some of the States under statutory provisions, may, upon payment of his mortgage, be compelled to make an assignment of the securities held by him, provided the payor is not primarily liable for the payment of the mortgage indebtedness. Plaintiff, in support of his contention that he had the right to demand an assignment to him of the mortgage and mortgage note, cites the case of Speer v. Home Bank, 206 S. W. 405, which we do not believe is an authority in support of his contention. (4) The tender and offer of plaintiff was not sufficient. A tender for redemption (redemption meaning payment and discharge) cannot be made on condition that the mortgagee shall assign the mortgage to the party offering the money. Lumsden v. Manson, 52 Atl. 783; Jones on Mort., sec. 792; 27 Cyc. 1830, 1831.

BRADLEY, J.—This cause is in equity to redeem and be subrogated. Relief was denied and plaintiff appealed.

A. T. Swan and wife, Margaret, were married May 13, 1918. The husband's father and mother gave him $500 as a wedding present. September 30, 1918, A. T. Swan purchased from M. B. Kincheloe a five-acre tract of land, and used the $500 in making the first payment,

but there remained a balance due on the place of $2600. A. T. Swan and wife, Margaret, gave their note payable at $50 per month to Kincheloe for the $2600, and to secure this note gave Kincheloe a deed of trust on the five acres. The wife, Margaret, made the payments on the note. We gather that the matrimonial sea did not remain calm. Anyway, on September 23, 1920, the husband, A. T. Swan, and wife Margaret conveyed to Mc-Donald, the wife's father. This conveyance was made to protect the wife for what she was putting into the place. September 30, 1922, McDonald and wife conveyed to the plaintiff in this cause. All these conveyances were made subject to the Kincheloe deed of trust. Plaintiff was endeavoring to assist the wife, Margaret, to raise the money to pay off the Kincheloe deed of trust, and there was a written agreement between plaintiff and the wife, Margaret, disclosing the purpose and character of the conveyance to plaintiff. June 14, 1921, Kincheloe assigned the note held by him together with the deed of trust to Mrs. M. F. Swan, the mother of A. T. Swan. The wife, Margaret, continued to make payments until 30 payments of $50 each with accrued interest had been paid, as we understand the record. Plaintiff was able, ready and willing to pay off the note, but, on account of an attachment suit and other suits against A. T. Swan, he, plaintiff, wanted Mrs. M. F. Swan to assign the note and security without recourse to him, so that he would have all the security the Kinchloe deed of trust would give. Mrs. M. F. Swan, because her son A. T. Swan was on the note, refused to assign as desired by plaintiff, but offered to accept payment, cancel the note and deed of trust and satisfy the record. Plaintiff declined to pay off the note on such terms.

Margaret, the wife, ceased to make payments, and Mrs. M. F. Swan proceeded to foreclose, and this suit followed, and was commenced before the day of the foreclosure sale. The sheriff who was acting trustee in the

foreclosure was made a party defendant, but his interest is only nominal.

Subrogation is the real object sought. While redemption is discussed and considered in the briefs, yet the briefs are for the most part devoted to the question of subrogation. Was plaintiff occupying a position which would entitle him to subrogation?

The general rule is that any person having an interest in mortgaged property which he is obliged to protect by paying the mortgage, will, if not primarily liable, be entitled, by paying off the mortgage, to an assignment of the mortgage or to be subrogated to the rights of the mortgagee. And this rule applies to one who advances to the mortgagor the money necessary to pay the mortgage debt under an agreement that he shall have the benefit of the mortgage security for his own reimbursement. [27 Cyc. 1386.]

The agreement between plaintiff and Margaret Swan is as follows: "This agreement between the parties undersigned, for and in consideration of their mutual promises, witnesseth, and it is understood and agreed that W. L. Butts holds and has held the title to the tract in the deed described and located at Oakland in Jasper County, Missouri, as beneficial owner for the purpose of securing him for counsel and services rendered and advances in respect thereof and to be rendered in and about pending litigation in which the undersigned Margaret Swan and her interests might or would be involved; and it is now further agreed, because of a trustee sale now being advertised by the sheriff of Jasper County of said tract or a part thereof to satisfy the balance due on a first incumbrance on said land, the said W. L. Butts will advance and for the benefit of said Margaret Swan furnish the money necessary to lift said debt, accrued interest and costs, and redeem said property from said incumbrance, and the said Margaret Swan in consideration thereof conveys to said W. L. Butts the full benefit of the said first incumbrance, transferring and assigning

the same to him, and substituting him in all respects as the owner and holder thereof.''

There was no complaint as to the offers and tenders of plaintiff except as to the condition of assigning the security to him. If he was entitled under the law to have the note, and trust deed assigned to him, he was entitled to a decree, upon payment of the mortgage debt, subrogating him to the rights of the mortgagee and his assigns. The general rule stated, supra, from 27 Cyc., is given approval in Speer v. Home Bank, 200 Mo. App. 269, 206 S. W. 405. Plaintiff had not, so far as appears, actually advanced the money to Margaret Swan to pay off the mortgage debt, but he had obligated himself to do so. We think that plaintiff comes under the rule and was entitled to a decree, upon payment of the mortgage debt, subrogating him to the lien rights of Mrs. M. F. Swan, who held the Kincheloe deed of trust. Also the deed from McDonald to plaintiff, coupled with the agreement between plaintiff and Margaret Swan, was no more, as between plaintiff and Margaret Swan, than a lien and in the nature of a mortgage to secure plaintiff. Therefore reasoning thus plaintiff in a sense was a junior mortgagee, and would be entitled to the right of subrogation as such.

It appears in the record that the foreclosure sale was held notwithstanding the commencement of this cause. If complications have arisen because of such it was not plaintiff's fault. The judgment should be reversed and the cause remanded with directions to enter a decree in favor of plaintiff subrogating him to the lien rights of Mrs. M. F. Swan in the Kincheloe deed of trust, upon the payment by plaintiff of the mortgage debt, and it is so ordered. *Cox, P. J.*, concurs. *Bailey, J.*, not sitting.

## On Motion to Modify.

PER CURIAM:—Defendants after their motion for rehearing was overruled filed a motion to modify the

opinion so as to require plaintiff to pay interest on the note to date of actual payment. This feature was not mentioned in the briefs and did not occur to us when disposing of the cause in the opinion filed. Plaintiff offered to pay the note in question and made proper tender as stated in the original opinion, but he did not deposit the amount due in court or elsewhere for the use of defendant Mrs. M. F. Swan the holder and owner of the note. Plaintiff has not lost the use of the money he offered to pay. We think that under the facts the holder and owner of the Kincheloe note and deed of trust is entitled to receive from plaintiff interest on the note up to the date of payment by plaintiff. [Mendell v. Howard, 200 Mo. App. 427, 208 S. W. 497.] The opinion reversing and remanding with directions is, therefore, modified in the conclusion to read as follows: The judgment should be reversed and cause remanded with directions to enter a decree in favor of plaintiff subrogating him to the lien rights of Mrs. M. F. Swan in the Kincheloe deed of trust, upon the payment by plaintiff of the mortgage debt together with accrued interest thereon up to the date of payment by plaintiff, and the trial court is directed to fix the time when said payment shall be made which time shall be reasonable, and should plaintiff not make payment within the time as fixed, then subrogation as herein directed shall be denied. It is so ordered.